RIDDLE PATENT LAW, LLC
CHARLES L. RIDDLE (*Pro Hac Vice Pending*)
charles@charleslriddle.com
434 Lackawanna Ave., Suite 200
Scranton, PA 18503
T:  570-344-4439
F.  570-300-1606

THE LAW OFFICES OF THOMAS W. J. PURTELL
THOMAS W. J. PURTELL (SBN 229961)
tpurtell@thomaswjpurtell-law.com
534 Pacific Ave., Suite 200
San Francisco, California 94133
T: 415-722-6291
F: 415-834-5591

*Attorneys for Plaintiff*
OFFENSIVE SECURITY LIMITED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OFFENSIVE SECURITY LIMITED | Case No. |
| Plaintiff, | COMPLAINT FOR TRADEMARK AND COPYRIGHT INFRINGEMENT |
| v. | |
| UDEMY, INC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

### COMPLAINT

Plaintiff Offensive Security Limited (hereinafter "Offensive Security"), by and through its counsel, for its Complaint, alleges the following:

#### Parties

1.  Plaintiff Offensive Security Limited is a limited corporation organized under the laws of the Cayman Islands, (hereinafter "Offensive Security").

2.  Upon information and belief, defendant Udemy, Inc. (hereinafter "Udemy") is a corporation organized and existing under the laws of the State of California, having its

principal office and place of business at 425 2nd Street, Suite 250, San Francisco, CA 94107.

## Jurisdiction

3. This Court has Jurisdiction under Title 28 of the United States Code, Sections 1338(a) (Acts of Congress relating to trademarks and copyrights) and 1338(b) (unfair competition joined with trademark law), Title 15 of the United States Code ("U.S.C."), Sections 1121 et seq. (the Lanham Act), and Title 17 of the United States Code ("U.S.C."), Sections 101 et seq. This Court also has federal question jurisdiction pursuant to Title 28 of the U.S.C., Section 1331, because this action arises under the laws of the United States. Additionally, the Court has jurisdiction over Plaintiff's state-law and common-law claims under Title 28 of the U.S.C., Sections 1338(b) (unfair competition joined with a substantial and related claim under trademark law) and Section 1367(a) (supplemental jurisdiction).

## Venue

4. This Court has personal jurisdiction over defendant in that defendant resides in the district.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because defendant resides in the district.

## Factual Allegations

6. Plaintiff, Offensive Security is at the global forefront of network information security and provides the most current cutting edge education, training, and certification programs in information security and penetration testing.

7. Plaintiff Offensive Security provides consultancy services to various government and non-government organizations in numerous countries.

8. Offensive Security provides training courses and professional certification services in the field of penetration testing and information security.

9.    Offensive Security has adopted various registered and unregistered trademarks, logos, and copyrighted images (hereinafter "the Intellectual Property of Offensive Security") in order to create brand identity, foster goodwill, and set its services apart from those of others.  The Intellectual Property of Offensive Security includes, but is not limited to:

> (a) BACKTRACK®;
>
> (b) KALI®;
>
> (c) OFFENSIVE SECURITY®;
>
> (d) BACKTRACK™;
>
> (e) KALI™;
>
> (f) KALI LINUX™;
>
> (g) PENETRATION TESTING WITH KALI LINUX™;
>
> (h) PENETRATION TESTING WITH BACKTRACK™;
>
> (i) OFFENSIVE SECURITY™;
>
> (i) Dragon Design™; and
>
> (j) Dragon Design©.

10.    Defendant Udemy is a for profit corporation that provides online courses and tutorials.

11.    Defendant provides certificates of completion for its online courses and tutorials.

12.    Defendant has engaged in a calculated and intentional pattern of conduct that appropriates the Intellectual Property of Offensive Security in order to solicit web traffic and to solicit visitors to purchase and enroll in courses provided by Defendant.

13.    As a direct result of Defendant Udemy's appropriation of the identity, identifiers, and the Intellectual Property of Offensive Security, Plaintiff and its services being associated with jihadists.  Without authorization, using the identity, identifiers, and

the Intellectual Property of Offensive Security, Defendant Udemy is offering a free course that is being used to educate jihadists in the art of hacking. Exhibit "1" purports to be a tweet showing a jihadists website providing instructions on how to access a free Udemy® instructional video that appropriates KALI, KALI LINUX and other identifiers, and the Intellectual Property of Offensive Security

14.     On at least three occasions, Plaintiff has demanded that Defendant cease and desist from unlawfully appropriating the Intellectual Property of Offensive Security. Copies of cease and desist correspondence dated January 2, 2014, July 23, 2014, and October 7, 2014 are attached hereto as Exhibit "A."   Plaintiff has demanded a full accounting of the revenues and profits derived from sales of instructional courses that utilize the Intellectual Property of Offensive Security.

15.     Notwithstanding Plaintiff's demands that Defendant cease and desist from its infringement, Defendant has willfully, intentionally and maliciously, and in conscious disregard for Plaintiff's rights, and only in furtherance of Defendant's pecuniary interest, continues to offer and sell instructional courses utilizing the Intellectual Property of Offensive Security.

**COUNT I**
**Violation of Lanham Act, 15 U.S.C. § 1114(1);**
**U.S. Trademark Reg. No. 4,182,954 for the mark BACKTRACK**

16.     Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-15, inclusive of this Complaint.

17.     Continuously, since as early as 2005, Plaintiff has used in commerce the BACKTRACK mark in connection with education, training, and certification services in the field of electronic information security and penetration testing.   Exhibit "B" is an example of Plaintiff's BACKTRACK mark used in connection with education, training, and certification services.

18.     Offensive Security owns U.S. Trademark Registration No. 4,182,954 for the mark BACKTRACK.

19.     A true and correct copy of the Registration Certificate for U.S. Trademark Reg. No. 4,182,954 is attached hereto as Exhibit "C."

20.     Offensive Security's U.S. Trademark Registration No. 4,182,954 for the mark BACKTRACK entitles it to a presumption of ownership, validity and exclusive rights to use the BACKTRACK mark in connection with the services named in the registration, namely Education, training, and certification services in the field of electronic information security and penetration testing.

21.     Offensive Security has obtained common law trademark rights for the BACKTRACK mark as used in connection with Education, training, and certification software and services in the field of electronic information security and penetration testing.

22.     As a result of the longstanding continuing use of the BACKTRACK mark by Offensive Security, to identify its goods and services, the BACKTRACK mark has come to symbolize the high quality of education, training, and certification services to the information security and penetration testing industry.

23.     Offensive Security has maintained, and continues to maintain, the highest standards of quality in education, training, and professional certification services marketed and sold under the BACKTRACK mark.

24.     Defendant has used and is using a copy, variation, simulation or colorable imitation of the BACKTRACK mark in connection with the offering of education, training, and certification courses with full knowledge of the long and extensive prior use of the BACKTRACK mark by Offensive Security.  Exhibit "D" is one example of Defendant's unauthorized use of Plaintiff's BACKTRACK mark in connection with education, training, and certification services.

25.     Defendant's use of a copy, variation, reproduction, simulation or colorable imitation of Offensive Security's registered BACKTRACK mark for education, training, and certification services in the field of electronic information security and penetration testing infringes on Offensive Security's rights in its federally registered trademark, is likely to cause confusion, mistake, or deception, and constitutes trademark infringement in violation of Lanham Act, 15 U.S.C. § 1114(1).

26.     Defendant Udemy is causing immediate and irreparable injury to Offensive Security, and to its goodwill and reputation, and will continue to damage Offensive Security and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

27.     Plaintiff Offensive Security has no adequate remedy at law.

**COUNT II**
**Violation of Lanham Act, 15 U.S.C. § 1114(1);**
**U.S. Trademark Reg. No. 4,491,611 for the mark KALI**

28.     Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-27, inclusive of this Complaint.

29.     Continuously since as early as July 2013, Plaintiff has used in commerce the KALI mark in connection with Education, training, and certification services in the field of electronic information security and penetration testing.   Exhibit "E" is an example of Plaintiff's KALI mark used in connection with education, training, and certification services.

30.     Offensive Security owns U.S. Trademark Registration No. 4,491,611 for the mark KALI, which matured from U.S. Trademark Application Serial No. 85/489,270, and which is effective as of the filing date of December 7, 2011.

31.     A true and correct copy of the Registration Certificate for U.S. Trademark Reg. No. 4,491,611 is attached hereto as Exhibit "F."

32.     Offensive Security's U.S. Trademark Registration No. 4,491,611 for the mark KALI entitles it to a presumption of ownership, validity and exclusive rights to use the KALI mark in connection with the services named in the registration, namely education, training, and certification services in the field of electronic information security and penetration testing.

33.     Offensive Security has obtained common law trademark rights for the KALI mark as used in connection with education, training, and certification software and services in the field of electronic information security and penetration testing.

34.     As a result of the longstanding continuing use of the KALI mark by Offensive Security, to identify its goods and services, the KALI mark has come to symbolize the high quality of education, training, and certification services to the information security and penetration testing industry.

35.     Offensive Security has maintained, and continues to maintain, the highest standards of quality in education, training, and professional certification services marketed and sold under the KALI mark.

36.   Defendant has used and is using a copy, variation, simulation or colorable imitation of the KALI mark in connection with the offering of education, training, and certification courses with full knowledge of the long and extensive prior use of the KALI mark by Offensive Security.  Exhibit "G" is one example of Defendant's unauthorized use of Plaintiff's KALI mark in connection with education, training, and certification services.

37.     Defendant's use of a copy, variation, reproduction, simulation or colorable imitation of Offensive Security's registered KALI mark for education, training, and certification services in the field of electronic information security and penetration testing infringes on Offensive Security's rights in its federally registered trademark, is likely to

cause confusion, mistake, or deception, and constitutes trademark infringement in violation of Lanham Act, 15 U.S.C. § 1114(1).

38.     Defendant Udemy is causing immediate and irreparable injury to Offensive Security, and to its goodwill and reputation, and will continue to damage Offensive Security and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

39.     Plaintiff Offensive Security has no adequate remedy at law.

**COUNT III**
**Violation of Lanham Act, 15 U.S.C. § 1114(1);**
**U.S. Trademark Reg. No. 4,182,954 for the mark OFFENSIVE SECURITY**

40.     Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-39, inclusive of this Complaint.

41.     Continuously, since as early as 2006, Plaintiff has used in commerce the OFFENSIVE SECURITY mark in connection with Education, training, and certification services in the field of electronic information security and penetration testing.  Exhibit "H" is an example of Plaintiff's OFFENSIVE SECURITY mark used in connection with education, training, and certification services.

42.     Offensive Security owns U.S. Trademark Registration No. 3,708,199 for the mark OFFENSIVE SECURITY for providing courses of instruction to businessmen relating to computer networking security, wireless security, and physical security.

43.     A true and correct copy of the Registration Certificate for U.S. Trademark Reg. No. 3,708,199 is attached hereto as Exhibit "I."

44.     Offensive Security's U.S. Trademark Registration No. 3,708,199 for the mark OFFENSIVE SECURITY entitles it to a presumption of ownership, validity and exclusive rights to use the OFFENSIVE SECURITY mark in connection with the

services named in the registration, namely education, training, and certification services in the field of electronic information security and penetration testing.

45.     Offensive Security has obtained common law trademark rights for the OFFENSIVE SECURITY mark as used in connection with education, training, and certification software and services in the field of electronic information security and penetration testing.

46.     As a result of the longstanding continuing use of the OFFENSIVE SECURITY mark by Offensive Security, to identify its goods and services, the OFFENSIVE SECURITY mark has come to symbolize the high quality of education, training, and certification services to the information security and penetration testing industry.

47.     Offensive Security has maintained, and continues to maintain, the highest standards of quality in education, training, and professional certification services marketed and sold under the OFFENSIVE SECURITY mark.

48.     Defendant's use of a copy, variation, reproduction, simulation or colorable imitation of Offensive Security's registered OFFENSIVE SECURITY mark for education, training, and certification services in the field of electronic information security and penetration testing infringes on Offensive Security's rights in its federally registered trademark, is likely to cause confusion, mistake, or deception, and constitutes trademark infringement in violation of Lanham Act, 15 U.S.C. § 1114(1).

49.     Defendant has used and is using a copy, variation, simulation or colorable imitation of the OFFENSIVE SECURITY mark in connection with the offering of education, training, and certification courses with full knowledge of the long and extensive prior use of the OFFENSIVE SECURITY mark by Offensive Security. Exhibit "J" is one example of Defendant's unauthorized use of Plaintiff's OFFENSIVE SECURITY mark in connection with education, training, and certification services.

50.     Defendant Udemy is causing immediate and irreparable injury to Offensive Security, and to its goodwill and reputation, and will continue to damage Offensive Security and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

51.     Plaintiff Offensive Security has no adequate remedy at law.

## COUNT IV
### Violation of 15 U.S.C. § 1125(a) (Unfair Competition, False Designation of Origin, False Description and False Representation) BACKTRACK

52.     Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-51, inclusive of this Complaint.

53.     Defendant has used and is using a copy, variation, simulation or colorable imitation of the BACKTRACK mark in connection with in connection with Defendant's offering and sale of education, training, and certification courses with full knowledge of the long and extensive prior use of the BACKTRACK mark by Offensive Security or its predecessors in interest.

54.     Defendant's actions constitute a false designation of origin, a false description of Offensive Security's services, and a false representation that Defendant's services are sponsored, endorsed, licensed, authorized by, affiliated with, or connected with, Plaintiff Offensive Security.

55.     Defendant's acts are in violation of the Lanham Act, 15 U.S.C. § 1125(a).

56.     Defendant Udemy is causing immediate and irreparable injury to Offensive Security, and to its goodwill and reputation, and will continue to damage Offensive Security and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

57.     Plaintiff Offensive Security has no adequate remedy at law.

**COUNT V**
**Violation of Lanham Act, 15 U.S.C. § 1125(a) (Unfair Competition, False Designation of Origin, False Description and False Representation)**
**KALI**

58.   Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-58, inclusive of this Complaint.

59.   Defendant has used and is using a copy, variation, simulation or colorable imitation of the KALI mark in connection with in connection with Defendant's offering and sale of education, training, and certification courses with full knowledge of the long and extensive prior use of the KALI mark by Offensive Security or its predecessors in interest.

60.   Defendant's actions constitute a false designation of origin, a false description of Offensive Security's services, and a false representation that Defendant's services are sponsored, endorsed, licensed, authorized by, affiliated with, or connected with, Plaintiff Offensive Security.

61.   Defendant's acts are in violation of the Lanham Act, 15 U.S.C. § 1125(a).

62.   Defendant Udemy is causing immediate and irreparable injury to Offensive Security, and to its goodwill and reputation, and will continue to damage Offensive Security and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

63.   Plaintiff Offensive Security has no adequate remedy at law.

**COUNT VI**
**Violation of Lanham Act, 15 U.S.C. § 1125(a) (Unfair Competition, False Designation of Origin, False Description and False Representation)**
**KALI LINUX**

64.   Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-63, inclusive of this Complaint.

65.     Long prior to Defendant, Plaintiff has used in commerce the KALI LINUX mark in connection with education, training, and certification services in the field of electronic information security and penetration testing.  Exhibit "K" is an example of Plaintiff's KALI LINUX mark used in connection with education, training, and certification services.

66.     Offensive Security has obtained common law trademark rights for the KALI LINUX mark as used in connection with education, training, and certification software and services in the field of electronic information security and penetration testing.

67.     As a result of the longstanding continuing use of the KALI LINUX mark by Offensive Security, to identify its goods and services, the KALI LINUX mark has come to symbolize the high quality of education, training, and certification services to the information security and penetration testing industry.

68.     Offensive Security has maintained, and continues to maintain, the highest standards of quality in education, training, and professional certification services marketed and sold under the KALI LINUX mark.

69.     Defendant has used and is using a copy, variation, simulation or colorable imitation of the KALI LINUX mark in connection with in connection with Defendant's offering and sale of education, training, and certification courses with full knowledge of the long and extensive prior use of the KALI LINUX mark by Offensive Security or its predecessors in interest.  Exhibit "L" is one example of Defendant's unauthorized use of Plaintiff's KALI LINUX mark in connection with education, training, and certification services.

70.     Defendant's actions constitute a false designation of origin, a false description of Offensive Security's services, and a false representation that Defendant's

services are sponsored, endorsed, licensed, authorized by, affiliated with, or connected with, Plaintiff Offensive Security.

71. Defendant's acts are in violation of the Lanham Act, 15 U.S.C. § 1125(a).

72. Defendant Udemy is causing immediate and irreparable injury to Offensive Security, and to its goodwill and reputation, and will continue to damage Offensive Security and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

73. Plaintiff Offensive Security has no adequate remedy at law.

**COUNT VII**
**Violation of Lanham Act, 15 U.S.C. § 1125(a) (Unfair Competition, False Designation of Origin, False Description and False Representation)**
**PENETRATION TESTING WITH KALI LINUX**

74. Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-73, inclusive of this Complaint.

75. Long prior to Defendant, Plaintiff has used in commerce the PENETRATION TESTING WITH KALI LINUX mark in connection with education, training, and certification services in the field of electronic information security and penetration testing. Exhibit "M" is an example of Plaintiff's PENETRATION TESTING WITH KALI LINUX mark used in connection with education, training, and certification services.

76. Offensive Security has obtained common law trademark rights for the PENETRATION TESTING WITH KALI LINUX mark as used in connection with education, training, and certification software and services in the field of electronic information security and penetration testing.

77. As a result of the longstanding continuing use of the PENETRATION TESTING WITH KALI LINUX mark by Offensive Security, to identify its goods and services, the PENETRATION TESTING WITH KALI LINUX mark has come to

symbolize the high quality of education, training, and certification services to the information security and penetration testing industry.

78.     Offensive Security has maintained, and continues to maintain, the highest standards of quality in education, training, and professional certification services marketed and sold under the PENETRATION TESTING WITH KALI LINUX mark.

79.     Defendant has used and is using a copy, variation, simulation or colorable imitation of the PENETRATION TESTING WITH KALI LINUX mark in connection with in connection with Defendant's offering and sale of education, training, and certification courses with full knowledge of the long and extensive prior use of the PENETRATION TESTING WITH KALI LINUX mark by Offensive Security or its predecessors in interest. Exhibit "N" is one example of Defendant's unauthorized use of Plaintiff's PENETRATION TESTING WITH KALI LINUX mark in connection with education, training, and certification services.

80.     Defendant's actions constitute a false designation of origin, a false description of Offensive Security's services, and a false representation that Defendant's services are sponsored, endorsed, licensed, authorized by, affiliated with, or connected with, Plaintiff Offensive Security.

81.     Defendant's acts are in violation of the Lanham Act, 15 U.S.C. § 1125(a).

82.     Defendant Udemy is causing immediate and irreparable injury to Offensive Security, and to its goodwill and reputation, and will continue to damage Offensive Security and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

83.     Plaintiff Offensive Security has no adequate remedy at law.

**COUNT VIII**
**Violation of Lanham Act, 15 U.S.C. § 1125(a) (Unfair Competition, False Designation of Origin, False Description and False Representation)**
**PENETRATION TESTING WITH BACKTRACK**

84.   Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-83, inclusive of this Complaint.

85.   Long prior to Defendant, Plaintiff has used in commerce the PENETRATION TESTING WITH BACKTRACK mark in connection with education, training, and certification services in the field of electronic information security and penetration testing.  Exhibit "O" is an example of Plaintiff's PENETRATION TESTING WITH BACKTRACK mark used in connection with education, training, and certification services.

86.   Offensive Security has obtained common law trademark rights for the PENETRATION TESTING WITH BACKTRACK mark as used in connection with education, training, and certification software and services in the field of electronic information security and penetration testing.

87.   As a result of the longstanding continuing use of the PENETRATION TESTING WITH KALI LINUX mark by Offensive Security, to identify its goods and services, the PENETRATION TESTING WITH BACKTRACK mark has come to symbolize the high quality of education, training, and certification services to the information security and penetration testing industry.

88.   Offensive Security has maintained, and continues to maintain, the highest standards of quality in education, training, and professional certification services marketed and sold under the PENETRATION TESTING WITH BACKTRACK mark.

89.   Defendant has used and is using a copy, variation, simulation or colorable imitation of the PENETRATION TESTING WITH BACKTRACK mark in connection with in connection with Defendant's offering and sale of education, training, and certification courses with full knowledge of the long and extensive prior use of the

PENETRATION TESTING WITH BACKTRACK mark by Offensive Security or its predecessors in interest. Exhibit "P" is one example of Defendant's unauthorized use of Plaintiff's PENETRATION TESTING WITH BACKTRACK mark in connection with education, training, and certification services.

90. Defendant's actions constitute a false designation of origin, a false description of Offensive Security's services, and a false representation that Defendant's services are sponsored, endorsed, licensed, authorized by, affiliated with, or connected with, Plaintiff Offensive Security.

91. Defendant's acts are in violation of the Lanham Act, 15 U.S.C. § 1125(a).

92. Defendant Udemy is causing immediate and irreparable injury to Offensive Security, and to its goodwill and reputation, and will continue to damage Offensive Security and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

93. Plaintiff Offensive Security has no adequate remedy at law.

## COUNT IX
## Violation of Lanham Act, 15 U.S.C. § 1125(a) (Unfair Competition, False Designation of Origin, False Description and False Representation)
## OFFENSIVE SECURITY

94. Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-93, inclusive of this Complaint.

95. Defendant has used and is using a copy, variation, simulation or colorable imitation of the OFFENSIVE SECURITY mark in connection with in connection with Defendant's offering and sale of education, training, and certification courses with full knowledge of the long and extensive prior use of the OFFENSIVE SECURITY mark by Offensive Security or its predecessors in interest.

96. Defendant's actions constitute a false designation of origin, a false description of Offensive Security's services, and a false representation that Defendant's

services are sponsored, endorsed, licensed, authorized by, affiliated with, or connected with, Plaintiff Offensive Security.

97.    Defendant's acts are in violation of the Lanham Act, 15 U.S.C. § 1125(a).

98.    Defendant Udemy is causing immediate and irreparable injury to Offensive Security, and to its goodwill and reputation, and will continue to damage Offensive Security and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

99.    Plaintiff Offensive Security has no adequate remedy at law.

## COUNT X
### Violation of Lanham Act, 15 U.S.C. § 1125(a) (Unfair Competition, False Designation of Origin, False Description and False Representation) Dragon Design Mark

100.    Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-99, inclusive of this Complaint.

101.    Long prior to Defendant, Plaintiff has used in commerce the Dragon Design Mark in connection with education, training, and certification services in the field of electronic information security and penetration testing.  Exhibit "Q" are examples of Plaintiff's Dragon Design Mark used in connection with education, training, and certification services.

102.    Offensive Security has obtained common law trademark rights for the Dragon Design Mark as used in connection with education, training, and certification software and services in the field of electronic information security and penetration testing.

103.    As a result of the longstanding continuing use of the Dragon Design Mark by Offensive Security, to identify its goods and services, the Dragon Design Mark has come to symbolize the high quality of education, training, and certification services to the information security and penetration testing industry.

104.   Offensive Security has maintained, and continues to maintain, the highest standards of quality in education, training, and professional certification services marketed and sold under the Dragon Design Mark.

105.   Defendant has used and is using a copy, variation, simulation or colorable imitation of the Dragon Design mark in connection with in connection with Defendant's offering and sale of education, training, and certification courses with full knowledge of the long and extensive prior use of the Dragon Design mark by Offensive Security or its predecessors in interest.  Exhibit "R" are examples of Defendant's unauthorized use of Plaintiff's PENETRATION TESTING WITH BACKTRACK mark in connection with education, training, and certification services.

106.   Defendant's actions constitute a false designation of origin, a false description of Offensive Security's services, and a false representation that Defendant's services are sponsored, endorsed, licensed, authorized by, affiliated with, or connected with, Plaintiff Offensive Security.

107.   Defendant's acts are in violation of the Lanham Act, 15 U.S.C. § 1125(a).

108.   Defendant Udemy is causing immediate and irreparable injury to Offensive Security, and to its goodwill and reputation, and will continue to damage Offensive Security and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

109.   Plaintiff Offensive Security has no adequate remedy at law.

**COUNT XI**
**Common Law Unfair Competition**
**BACKTRACK**

110.   Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-109, inclusive of this Complaint.

111.    Defendant has used and is using a copy, variation, simulation or colorable imitation of the BACKTRACK mark in connection with in connection with Defendant's offering and sale of education, training, and certification courses with full knowledge of the long and extensive prior use of the BACKTRACK mark by Offensive Security or its predecessors in interest.

112.    Defendant's actions constitute a false designation of origin, a false description of Offensive Security's services, and a false representation that Defendant's services are sponsored, endorsed, licensed, authorized by, affiliated with, or connected with, Plaintiff Offensive Security.

113.    Defendant's acts constitute unfair competition.

114.    Defendant Udemy is causing immediate and irreparable injury to Offensive Security, and to its goodwill and reputation, and will continue to damage Offensive Security and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

115.    Plaintiff Offensive Security has no adequate remedy at law.

**COUNT XII**
**Common Law Unfair Competition**
**KALI**

116.    Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-115, inclusive of this Complaint.

117.    Defendant has used and is using a copy, variation, simulation or colorable imitation of the KALI mark in connection with in connection with Defendant's offering and sale of education, training, and certification courses with full knowledge of the long and extensive prior use of the KALI mark by Offensive Security or its predecessors in interest.

118.   Defendant's actions constitute a false designation of origin, a false description of Offensive Security's services, and a false representation that Defendant's services are sponsored, endorsed, licensed, authorized by, affiliated with, or connected with, Plaintiff Offensive Security.

119.   Defendant's acts constitute unfair competition.

120.   Defendant Udemy is causing immediate and irreparable injury to Offensive Security, and to its goodwill and reputation, and will continue to damage Offensive Security and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

121.   Plaintiff Offensive Security has no adequate remedy at law.

### COUNT XIII
### Common Law Unfair Competition
### KALI LINUX

122.   Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-121, inclusive of this Complaint.

123.   Defendant has used and is using a copy, variation, simulation or colorable imitation of the KALI LINUX mark in connection with in connection with Defendant's offering and sale of education, training, and certification courses with full knowledge of the long and extensive prior use of the KALI LINUX mark by Offensive Security or its predecessors in interest.

124.   Defendant's actions constitute a false designation of origin, a false description of Offensive Security's services, and a false representation that Defendant's services are sponsored, endorsed, licensed, authorized by, affiliated with, or connected with, Plaintiff Offensive Security.

125.   Defendant's acts constitute unfair competition.

126. Defendant Udemy is causing immediate and irreparable injury to Offensive Security, and to its goodwill and reputation, and will continue to damage Offensive Security and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

127. Plaintiff Offensive Security has no adequate remedy at law.

**COUNT XIV**
**Common Law Unfair Competition**
**PENETRATION TESTING WITH KALI LINUX**

128. Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-127, inclusive of this Complaint.

129. Defendant has used and is using a copy, variation, simulation or colorable imitation of the PENETRATION TESTING WITH KALI LINUX mark in connection with in connection with Defendant's offering and sale of education, training, and certification courses with full knowledge of the long and extensive prior use of the PENETRATION TESTING WITH KALI LINUX mark by Offensive Security or its predecessors in interest.

130. Defendant's actions constitute a false designation of origin, a false description of Offensive Security's services, and a false representation that Defendant's services are sponsored, endorsed, licensed, authorized by, affiliated with, or connected with, Plaintiff Offensive Security.

131. Defendant's acts constitute unfair competition.

132. Defendant Udemy is causing immediate and irreparable injury to Offensive Security, and to its goodwill and reputation, and will continue to damage Offensive Security and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

133. Plaintiff Offensive Security has no adequate remedy at law.

**COUNT XV**
**Common Law Unfair Competition**
**PENETRATION TESTING WITH BACKTRACK**

134.   Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-133, inclusive of this Complaint.

135.   Defendant has used and is using a copy, variation, simulation or colorable imitation of the PENETRATION TESTING WITH BACKTRACK mark in connection with in connection with Defendant's offering and sale of education, training, and certification courses with full knowledge of the long and extensive prior use of the PENETRATION TESTING WITH BACKTRACK mark by Offensive Security or its predecessors in interest.

136.   Defendant's actions constitute a false designation of origin, a false description of Offensive Security's services, and a false representation that Defendant's services are sponsored, endorsed, licensed, authorized by, affiliated with, or connected with, Plaintiff Offensive Security.

137.   Defendant's acts constitute unfair competition.

138.   Defendant Udemy is causing immediate and irreparable injury to Offensive Security, and to its goodwill and reputation, and will continue to damage Offensive Security and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

139.   Plaintiff Offensive Security has no adequate remedy at law.

**COUNT XVI**
**Common Law Unfair Competition**
**OFFENSIVE SECURITY**

140.   Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-39, inclusive of this Complaint.

141.   Defendant has used and is using a copy, variation, simulation or colorable imitation of the OFFENSIVE SECURITY mark in connection with in connection with Defendant's offering and sale of education, training, and certification courses with full knowledge of the long and extensive prior use of the OFFENSIVE SECURITY mark by Offensive Security or its predecessors in interest.

142.   Defendant's actions constitute a false designation of origin, a false description of Offensive Security's services, and a false representation that Defendant's services are sponsored, endorsed, licensed, authorized by, affiliated with, or connected with, Plaintiff Offensive Security.

143.   Defendant's acts constitute unfair competition.

144.   Defendant Udemy is causing immediate and irreparable injury to Offensive Security, and to its goodwill and reputation, and will continue to damage Offensive Security and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

145.   Plaintiff Offensive Security has no adequate remedy at law.

### COUNT XVII
### Common Law Unfair Competition
### Dragon Design Mark

146.   Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-145, inclusive of this Complaint.

147.   Defendant has used and is using a copy, variation, simulation or colorable imitation of the Dragon Design mark in connection with in connection with Defendant's offering and sale of education, training, and certification courses with full knowledge of the long and extensive prior use of the Dragon Design mark by Offensive Security or its predecessors in interest.

148.    Defendant's actions (as a whole, taken individually, or in combination) constitute a false designation of origin, a false description of Offensive Security's services, and a false representation that Defendant's services are sponsored, endorsed, licensed, authorized by, affiliated with, or connected with, Plaintiff Offensive Security.

149.    Defendant's acts constitute unfair competition.

150.    Defendant Udemy is causing immediate and irreparable injury to Offensive Security, and to its goodwill and reputation, and will continue to damage Offensive Security and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

151.    Plaintiff Offensive Security has no adequate remedy at law.

## COUNT XVIII
## Unjust Enrichment

152.    Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-151, inclusive of this Complaint.

153.    As a result of the unlawful acts alleged herein, Defendants have received financial benefit.

154.    Defendant had, or should have had, knowledge and appreciation of such benefit received as a result of their unlawful acts.

155.    Defendants have accepted and retained the benefit received as a result of their infringement of their unlawful acts.

156.    Plaintiff Offensive Security has suffered and continues to suffer damages thereby. It has no adequate remedy at law.

## COUNT XIX
## Copyright Infringement (17 U.S.C. § 101 et seq.)

157.    Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-156, inclusive of this Complaint.

158.    Plaintiff Offensive Security's work product contains a substantial amount of original material (including without limitation documentation, images, and other materials) that is copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101 et seq.

159.    Plaintiff applied for and received copyright registrations for its work product under Copyright Registrations TX 7-772-120 and VA 1-859-517.  A true and correct copy of Offensive Security's copyright registration certificates are attached hereto as Exhibit S.  The work product subject to the above copyright registration certificates are referred to as "Offensive Security's Copyrighted Works".

160.    One such example of Offensive Security's Offensive Security's Copyrighted Works is the image of a dragon, hereinafter the "Copyrighted Dragon Image".

161.    Upon information and belief, Defendant had access to Offensive Security's Copyrighted Works from accessing and viewing online content published by Plaintiff.

162.    Without consent, authorization, approval, or license, Defendant knowingly, willingly, and unlawfully copied, prepared, published, and distributed Offensive Security's Copyrighted Works, portions thereof, or derivative works and continues to do so.

163.    By this unlawful copying, use, and distribution, Defendant has violated Offensive Security's exclusive rights under 17 U.S.C. § 106.

164.    Defendant, if not directly liable for infringement of Offensive Security's Copyrighted Works, are also liable for contributory copyright infringement because Defendant knew or should have known of the direct infringement, had the right and ability to supervise the infringing conduct, and had an obvious and direct financial interest in the infringing conduct.

165.    Defendant, if not directly liable for infringement of Offensive Security's

Copyrighted Works, are also vicariously liable for said copyright infringements because Defendant enjoys a direct financial benefit from another's infringing activity and has the right and ability to supervise the infringing activity.

166.   Plaintiff has demanded that defendant cease and desist from plaintiffs intellectual property, including Offensive Security's Copyrighted Works.

167.   Plaintiff has demanded a full accounting of the revenues and profits derived from sales of instructional courses that utilize the intellectual property of Plaintiff, including Offensive Security's Copyrighted Works.

168.   Notwithstanding plaintiffs demands that Defendant cease and desist from its infringement, Defendant has willfully, intentionally and maliciously, and in conscious disregard for Plaintiff's rights, and only in furtherance of Defendant's pecuniary interest, continues to offer and sell instructional courses utilizing the intellectual property of Plaintiff, including Offensive Security's Copyrighted Works.

169.   Defendant's acts of copyright infringement, and widespread self promotion of Offensive Security's Copyrighted Works directed to the public at large, as alleged herein, have caused Plaintiff to suffer, and to continue to suffer, substantial damage to its business in the form of diversion of trade, loss of income, and profits, and a dilution of the value of its rights.

170.   Further, as a direct result of Defendant's acts of copyright infringement, Defendant has obtained direct and indirect profits that it would otherwise have realized but for the infringement of Offensive Security's Copyrighted Works.  Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of Offensive Security's Copyrighted Works.

171.   As a result of Defendant's infringement, plaintiff is entitled to statutory damages pursuant to 17 U.S.C. 504(c).  Plaintiff further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. 505.

172.    The conduct of defendant is causing, and in and unless enjoined and restrained by this Court, will continue to cause Plaintiff and irreparable injury that cannot be fully compensated or measured in money.  Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. 502 and 503, plaintiff is entitled to injunctive relief prohibiting defendant from further infringing Offensive Security's Copyrighted Works.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Offensive Security prays that this Court enter judgment against Defendant as follows:

1.    That Defendant, its associates, agents, servants, employees, officers, directors, representatives, successors, assigns, attorneys, and all persons in active concert, cooperation and/or participation with it, be enjoined from:

(a) engaging in any further acts of infringing Plaintiff's intellectual property, including business identity, copyrights, and trademarks as described herein;

(b) using any false designation of origin or false description, including the use of Plaintiff's marks, that can, or is likely to, lead the consuming public, or individual members thereof, to believe that any goods or services produced, advertised, promoted, marketed, provided, or sold by Defendant are in any manner associated or connected with Plaintiff, or are advertised, promoted, marketed, sold, licensed, sponsored, approved or authorized by Plaintiff; and

(c) unfairly competing with Plaintiff in any manner whatsoever.

2.    That Defendant be required to account to Plaintiff for Defendant's profits and the actual damages suffered by Plaintiff as a result of Defendant's acts or infringement, false designation of origin, unfair competition, and unfair and deceptive trade practices, together with interest, and that Plaintiff's recovery be trebled, pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117).

3.    That Defendant be compelled to pay Plaintiff's attorneys' fees, together

with costs of this suit, pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117).

      4.     That Defendant be compelled to pay Plaintiff punitive damages.

      5.     That Plaintiff be awarded all profits of Defendant, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages, as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

      6.     That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

      7.     That Defendant account to Plaintiff for its profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

      8.     That Plaintiff be awarded pre-judgment interest as allowed by law;

      9.     That Plaintiff be awarded the costs of this action; and

     10.     That Plaintiff be granted such other and further relief as this Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Offensive Security Limited demands a jury trial for all issues so triable.

Dated: February 19, 2015

Respectfully Submitted,

By:    /s/Thomas W. J. Purtell

THOMAS W. J. PURTELL (SBN 229961)
tpurtell@thomaswjpurtell-law.com
534 Pacific Ave., Suite 200
San Francisco, California 94133
T: 415-722-6291
F: 415-834-5591

**RIDDLE PATENT LAW, LLC**
Charles L. Riddle, Esq. (*pro hac vice pending*)
434 Lackawanna Ave.
Suite 200
Scranton, PA 18503
(570) 344-4439 p.
(570) 300-1606 f.
charles@charleslriddle.com

*Counsel for Plaintiff Offensive Security Limited*